UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE KIND PROJECT DOWNTOWN, LP,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LANITA J. LOYD,<br><br>　　　　　Defendant. | No. 2:24-cv-02925-DJC-CSK<br><br><br>ORDER |

　　　　Plaintiff The Kind Project Downtown, LP brought this unlawful detainer action against Defendant Lanita J. Loyd under California state law on August 5, 2024. On October 23, 2024, Defendants filed a Notice of Removal in federal court, seeking to remove the action from Sacramento County Superior Court. (*See* Not. of Removal (ECF No. 1).)

　　　　A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* at 1106–07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). The strong

presumption against removal jurisdiction means that "the court resolves all ambiguity in favor of remand to state court." *Hunter*, 582 F.3d at 1042. That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997).

Defendant cites 28 U.S.C. § 1443(1) as the basis for removal. (Not. of Removal at 3.)[1] Section 1443(1) provides for removal of civil or criminal case "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . ." To invoke removal under this section, a defendant must show "[1] rights that are given to them by explicit statutory enactment protecting equal racial civil rights" and "[2] that the state courts will not enforce that right . . . ." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998–99 (9th Cir. 2006) (internal citations and quotation marks removed), *abrogated on other grounds by BP p.l.c. v. Mayor & City Council of Baltimore*, 593 U.S. 230 (2021). The second step "must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.* at 999.

Here, Defendant fails to support both requirements for removal under Section 1443(1). Defendant has not identified a specific statute protecting equal racial civil rights. Defendant has also not identified a statute or constitutional provision that commands state courts to ignore those rights. Defendant only broadly alleges that "Plaintiff used the state law to prevent [Defendant] from raising his federal claims in state court . . . [and] that he will be unable to protect his federal rights in state Court.

---

[1] It appears the pages of Plaintiff's Notice of Removal are out of order for ECF No. 1. The Court uses the internal pagination to refer to pages within that document.

(Not. of Removal at 3.)  This allegation is insufficient to invoke Section 1443(1).  Moreover, courts have repeatedly rejected attempts to remove unlawful detainer actions to the district courts in California using Section 1443(1).  *See HSBC Bank USA v. Coria*, No. 2:22-cv-01003-DMG (AFMx), 2022 WL 504563, at *1 (C.D. Cal. Feb. 18, 2022) (collecting cases).

Thus, removal of this unlawful detainer action under 28 U.S.C. § 1443(1) is improper.  Remand is mandatory as the Court lacks subject matter jurisdiction over this unlawful detainer action.  28 U.S.C. § 1447(c); *see Bruns*, 122 F.3d at 1257.

Accordingly, the Court hereby REMANDS this case to Sacramento County Superior Court for all future proceedings.

IT IS SO ORDERED.

Dated:   **October 25, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE